UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:10CR510 HEA |
| ) | |
| GHALIB ALTAF SHAHJAMALUDDIN, ) | |
| HASSAN SAID, ) | |
| FRANK RACHAL, ) | |
| MARCIN ZANOWSKI, ) | |
| WILLIE F. BROOKS, ) | |
| YASIN GANIBAIE VAHORA, ) | |
| ALI T. NAKHLEH, and ) | |
| ARTHUR DUKES, ) | |
| ) | |
| Defendants. | |

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS the United States sought forfeiture of specific property of Defendants Ghalib Altaf Shahjamaluddin, Hassan Said, Frank Rachal, Marcin Zanowski, Willie F. Brooks, Yasin Ganibaie Vahora, Ali T. Nakhleh, and Arthur Dukes, pursuant to Title 18, United States Code, Sections 981(a) and 2344, Title 28, United States Code, Section 2461, and Title 49, United States Code, Section 80303, as set forth in the Indictment;

AND WHEREAS, the Defendants Ghalib Altaf Shahjamaluddin, Frank Rachal, Marcin Zanowski, Willie F. Brooks, Yasin Ganibaie Vahora, Ali T. Nakhleh, and Arthur Dukes, having pleaded guilty to the charge in the Indictment and also entered into written Plea Agreements regarding the identified property subject to forfeiture;

AND WHEREAS, by virtue of said pleas of guilty and written Plea Agreements, the United States is now entitled to possession of said property, pursuant to Title 18, United States Code, Sections 981(a) and 2344, Title 28, United States Code, Section 2461, and Title 49, United States Code, Section 80303;

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. That the following property belonging to Defendants is hereby forfeited to the United States for the disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853:

- A. certain amounts of United States currency, including in particular those kept in the following denominations:
    - i. $50,000.00 in United States currency;
    - ii. $114,031.00 in United States currency;
    - iii. $9,930.00 in United States currency;
    - iv. $16,000.00 in United States currency;
    - v. $4,000.00 in United States currency;
    - vi. $2,529.00 in United States currency;
    - vii. $4,900.00 in United States currency;
    - viii. $93.00 in United States currency;
    - ix. $3,520.00 in United States currency;
    - x. $41,180.00 in United States currency;
    - xi. $19,500.00 in United States currency;
    - xii. $1,453,515.97 in United States currency;

      xiii. $767,627.11 in United States currency;

      xiv. $156,563.92 in United States currency;

      xv. $18,500.00 in United States currency, representing the value of 27 separate money orders; and

      xvi. $13,750.00 in United States currency, representing the value of 20 separate money orders;

B. certain packs and cartons of cigarettes, including in particular:

      i. 1 carton of cigarettes;

C. certain vehicles, including in particular:

      i. one 1998 Lincoln Navigator SUV bearing vehicle identification number 5LMFU28L3WLJ01624;

      ii. one 2011 Toyota Camry Coupe bearing vehicle identification number 4T4BF3EKXBR129766;

      iii. one 2003 Honda Odyssey Van bearing vehicle identification number 5FNRL18963B130832;

      iv. one 2007 GMC Acadia SLE bearing vehicle identification number 1GKER13707J171737;

      v. one 2008 Honda Accord bearing vehicle identification number JHMCP26858C055912; and

      vi. one 2003 Hummer H2, bearing vehicle identification number 5GRGN23U73H115998;

D. certain personal property, including in particular:

      i. one 38-caliber Interarms Rossi Revolver bearing serial number AA244366;

      ii. one Jiminez Arms JA-380 pistol bearing serial number 017360;

      iii. 11 rounds of assorted ammunition;

3

    iv. six cellular phones;

    v. one Apple Macbook Pro 13.3 laptop computer, model number MC374LL/A;

    vi. one HP Intel Core 13-330M laptop computer; and

    vii. one IBM Thinkpad Intel Core 13-330M laptop computer.

  2. That the aforementioned forfeited property is to be held by the United States Marshal, as indicated, in their secure custody and control.

  3. That money judgments are entered against Defendants and in favor of the United States, and the Defendants are ordered to pay their respective amounts as follows:

    i. a money judgment of $5,523,924.00 against Ghalib Shajamaluddin;

    ii. a money judgment of $47,040.00 against Hassan Said;

    iii. a money judgment of $395,280.00 against Frank Rachal;

    iv. a money judgment equal to the taxes evaded and avoided in this matter against Marcin Zanowski, as to be determined by the court at sentencing;

    v. a money judgment of $72,468.00 against Willie Brooks;

    vi. a money judgment of $10,980.00 against Yasin Ganibaie Vahora; and

    vii. a money judgment of $146,400.00 against Ali Nakhleh.

  4. That pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Order shall become final as to Defendants upon sentencing.

  5. That the United States shall publish notice of this Order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture as set forth in Federal Rule of Criminal Procedure 32.2(b)(6) and Title 21, United States Code, Section 853(n).

  6. That upon adjudication of all third-party interests, this Court shall enter a Final Order

of Forfeiture pursuant to Title 21, United States Code, Section 853(n), in which all of said property will be ordered forfeited to the United States to be disposed of according to law.

So ordered this 12th day of September, 2011.

_____
HENRY E. AUTREY
UNITED STATES DISTRICT JUDGE